UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HOSAM ZAKARIA,

   Plaintiff,

   v.

THE UNITED STATES POSTAL
INSPECTION SERVICE,

   Defendant.

Civil Action No. 01-416 (CKK)



**FILED**

APR - 2 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

This case comes before the Court on Plaintiff's motion to reconsider. In a memorandum opinion dated November 13, 2001, the Court granted Defendant's motion for summary judgment. Plaintiff filed the instant action alleging violations of the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Defendant United States Postal Inspection Service (Inspection Service) sought and obtained summary judgment on the grounds that although it had been unable to locate any records responsive to Plaintiff's request, its search for records responsive to Plaintiff's request was adequate. In this regard, the Court specifically rejected Plaintiff's well-founded belief that the records are in Defendant's possession as a basis to require additional searches. Upon review of Plaintiff's motion and Defendant's opposition,[1] the Court concludes that Plaintiff's motion must be denied.

Pursuant to the Federal Rules of Civil Procedure, a party may petition a district court to alter or amend judgment no later than ten days after the entry thereof. *See* Fed. R. Civ. P. 59(e).

---

[1] The Court notes that Defendant filed its opposition memorandum over three months after Plaintiff filed his motion to reconsider. Defendant fails to offer any excuse or justification for its extremely tardy response, nor does it even acknowledge the tardiness.



34

Such motions will be denied unless the district court finds "that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Firestone v. Firestone*, 76 F.2d 1205, 1208 (D.C. Cir. 1996) (internal quotations omitted); *see also Mekuria v. Washington Metropolitan Area Transit Authority*, 45 F. Supp. 2d 19, 31 n.10 (D.D.C. 1999). A motion to alter or amend a judgment pursuant to FED. R. CIV. P. 59(e) "is not simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) (three-judge panel) (per curiam); *see also Harvey v. District of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996) (holding that a motion to reconsider pursuant to Rule 59(e) "is not routinely granted"). Even more so, a motion to reconsider is not "a means to bring the Court theories or arguments that could have been advanced earlier." *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997); *see also Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993) ("[T]his Court has recognized that a losing party may not use a Rule 59 motion to raise new issues that could have been raised previously."); *Savers Fed. Sav. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1508–09 (5th Cir. 1989) (finding no abuse of discretion in denying Rule 59(e) motion that sought to raise new theories where facts were known to movant in advance of summary judgment); *Natural Resources Def. Council, Inc. v. United States Envt'l Protection Agency*, 705 F. Supp. 698, 701 (D.D.C. 1989) ("Rule 59(e) motions are not vehicles for bringing before the court theories or arguments that were not advanced earlier."), *vacated on other grounds*, 707 F. Supp. 3 (D.D.C. 1989); *Harvey*, 949 F. Supp. at 879 (same). Instead, a district court properly exercises its discretion under Rule 59(e) to alter or amend its judgment where "the moving party presents new facts or a clear error of law which compel a change in the court's ruling." *New York*, 880 F. Supp. at 39; *see also Assassination Archives and Research Ctr. v. United States*

*Dep't of Justice*, 828 F. Supp. 100, 102 (D.D.C. 1993). In considering the propriety of a Rule 59 motion, the Court possesses sufficient discretion to prevent injustice or unfairness.

Plaintiff's motion to reconsider argues that because there is evidence that the records he seeks are in existence, Defendant should be required to search for and produce the records regardless of the resources expended required for such a search. In this regard, Plaintiff discounts the Court's finding that the only remaining search would consist of a manual search of thousands of files in a database, and argues that all he asks for "is justice and alittle [sic] human decency under the law." Pl. Mem. at 2.

As an initial matter, the Court notes that the arguments raised in Plaintiff's motion are not properly raised in the context of a motion to reconsider. Plaintiff's arguments merely ask the Court to rehash its holding on the basis of the same arguments offered in Plaintiff's memorandum offered in opposition to Defendant's motion for summary judgment. Plaintiff does not present any new facts or law for the Court's consideration which require a different holding than the one provided in the Court's November 13, 2001, Memorandum Opinion. Nonetheless, the Court will reiterate the basis for its previous holding:

> Although Defendant is required to "make more than perfunctory searches, and indeed, to follow through on obvious leads to discover requested documents," *Valencia-Lucena*, 180 F.3d at 390, this Circuit has recognized "there are some limits on what an agency must do to satisfy its FOIA obligations." *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 891 (D.C. Cir. 1995); *see AFGE v. United States Dep't of Commerce*, 907 F.2d 203, 139 (D.C. Cir. 1990) ("While [the requests] might identify the documents requested with sufficient precision . . . it is clear that these requests are so broad as to impose an unreasonable burden upon the agency."); *Oglesby v. United States Dep't of Army*, 79 F.3d 1172, 1186 (D.C. Cir. 1996) (finding it reasonable to require more specific information to search files that are not indexed according to information requested) ("*Oglesby II*"); *Judicial Watch v. Export-Import Bank*, 108 F. Supp. 2d 19, 27 (D.D.C. 2000). When evaluating the adequacy of a search, "[t]he question is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*." *Steinberg v. Department of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (emphasis in original). The adequacy of the search is judged by a

standard of reasonableness and depends upon the facts of each case. *Id.* An agency's demonstration of the adequacy of the search may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith. *Id.* Upon receipt of such an affidavit, a district court reviews the record to see if it has a "substantial doubt" as to the veracity of the search. *See Valencia-Lucena*, 180 F.3d at 326.

*Zakaria v. United States Postal Inspection Service*, No. 01-416, slip op. at 4-5, (D.D.C.

November 13, 2001). Defendant has performed searches with every piece of information

provided by Plaintiff. Plaintiff does not offer any additional information which will lead

Defendant to the records Plaintiff seeks. As a result, Defendant's only option is to conduct a

manual search of thousands of records. The Court finds that such a search is not required under

FOIA. Concordantly, the Court concludes that Defendant has satisfied its obligation under the

statute. Accordingly, the Court shall deny Plaintiff's motion to reconsider. An appropriate Order

accompanies this Memorandum Opinion.

April 2, 2002

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge